(No. 5.—Claim denied.)

GEORGE WOLFE, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed September 16, 1924.*

GOVERNMENTAL FUNCTION—*State not liable for injuries to inmates of institutions.* The State in conducting the Illinois State Reformatory exercises a governmental function and is not liable for injuries sustained by an inmate thereof.

SAME—*not liable for torts of officers.* The State is not liable for the torts of its officers or agents.

RULES OF COURT—*must be complied with.* Rule 5 of this Court must be complied with in all statements of claims against the State.

STATUTE OF LIMITATION—*when a defense.* The statute of limitations is a complete defense in this case.

BLANKSTEN & FREEMAN, for claimant.

EDWARD J. BRUNDAGE, Attorney General; FLOYD E. BRITTON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The claimant in this case styles himself as ''George Wolfe, petitioner,'' but in his declaration he signs and swears to it as ''George J. Stone.''

The declaration alleges that he was committed to the Illinois State Reformatory under the name of *George Wolfe;* and brings this suit for the recovery of $15,000.00 for alleged injuries sustained while an inmate of said State institution under circumstances as follows:

*First:* That on the 12th day of June, 1912, the second day of his arrival in said institution, the guard on duty at the doctor's office of said institution assaulted claimant with a deadly weapon, being a ''black-jack'' or billy, with which he struck him, claimant, across the forehead, knocking him unconscious.

*Second:* That on or about September 12, 1912, he was again assaulted and beaten by a teacher in the school of said institution.

*Third:* That about May, 1913, he was again assaulted and beaten about the face by a guard on duty in the paint shop of said institution.

*Fourth:* In August, 1913, with ''rubber squeegee'' about his hands and arms by a guard on duty at the cell house.

*Fifth:* That he suffered other wrongs and injuries not mentioned.

That all of said injuries were sustained during the first eighteen months of his stay at said institution.

That, as a result of such injuries he suffered impaired health, causing insomnia, instability, anemia, depression, amnesia, general debility, frequent inability to continue at his occupation; that these troubles existed after his release on parole from said institution on June 29, 1915, and continued after he was drafted into the army, where he was placed in modified service, etc.

He was discharged in 1919, and up to the time of filing his claim in 1921, his mind was such that he had no knowledge of how to secure or prosecute a claim for redress of said wrongs, etc.

He files his claim in the sum of Fifteen Thousand Dollars.

The defendant, State of Illinois, demurrs and pleads the Statute of Limitations.

The declaration is a rather vague, loose, disconnected statement of what purports to be the facts, upon which claimant bases his claim, and covering a period of some two or three years. He was eventually paroled some time in 1915, and later was drafted into U. S. service in the "World's War," and discharged therefrom in 1919, he says.

The declaration alleges that during all the time between the time he claims he was first assaulted and the date of filing suit, he was not, in consequence of such injuries so received, mentally capable of bringing a suit or knowing what his rights really were.

There is no evidence on file to support his sworn statement, but, assuming that the facts are true as alleged, the claimant in our opinion is not entitled to the relief claimed. The cause of action, if any he had, had occurred nearly ten years prior to the filing of the suit in 1921, thus making the claim an unusually stale one.

Claimant has not complied with the rules of the court in his declaration. Rule 5 requires that he shall state in his declaration whether his claim has been presented to any State department or State officer, or to any person, corporation or tribunal, etc.

It is always important that Rule 5 should be complied with in all statements of claims.

The entire circumstances and statement of the case, in connection with its staleness is not very satisfactory, and not looked upon with favor by the court. This court has repeat-

edly held that the State is not liable for the torts of its officers or agents, and the rule applies in this case.

While the claimant presents a statement that elicits the sympathy of the court, yet in view of the foregoing conclusions reached by the court, the demurrer will be sustained; while the plea of the Statute of Limitations, properly pleaded, is sustained, the suit is accordingly dismissed.